IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLA WILLIAMS,

    Plaintiff,                             No. CIV S-04-1353 GGH

    vs.

JO ANNE B. BARNHART,
Commissioner of Social
Security,                                      <u>ORDER</u>

    Defendant.
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). This case presents difficult conceptual issues in Social Security law, i.e., when is a remediable ailment still considered severe. For example, does a person who must wear glasses to see and function have a "severe impairment" when the person has no significant limitation on the ability to work when wearing glasses. To what extent can the court factor in common, every day treatments or routine accommodations such as eye glasses that take one from non-functioning(without) to perfectly functional (with). The problem is exacerbated when we deal with a fairly non-objective ailment such as depression. People take depression medication all the time in order to not have effects on their ability to function—but might be lost without it. Do these people have a severe

1

impairment? If treatment will "cure" the symptoms, at what point on the sequential analysis does one take the "cure" into account. To what extent must the treatment or ordinary accommodation cure the ailment in order for it to be considered dispositive?

For the reasons that follow, plaintiff's Motion for Summary Judgment or Remand is GRANTED, the Commissioner's Cross Motion for Summary Judgment is DENIED, and the Clerk is directed to enter judgment for the plaintiff. This matter is remanded to the Commissioner for further proceedings consistent with this order.

BACKGROUND

Plaintiff, born September 19, 1962, applied for disability benefits on February 14, 2002. (Tr. at 54.) Plaintiff alleged she was unable to work since September 1, 2000, due to pain in the shoulder, right arm, elbow, wrist, lower back, and leg, asthma, acid reflux, shortness of breath, back ache and depression. (Tr. at 55, 66.) In a decision dated July 22, 2003, ALJ Antonio Acevedo-Torres, determined that plaintiff was not disabled.[1] The ALJ made the

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not

2

following findings:

1. The claimant has not engaged in substantial gainful activity since September 1, 2000.

2. The medical evidence establishes that the claimant has severe neck, back, right shoulder and bilateral hand impairments, but that she does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. The claimant does not have a severe mental impairment.

3. The claimant's testimony is not substantially credible for the reasons stated in the body of this decision.

4. The claimant has the residual functional capacity to perform the nonexertional requirements of work except for frequently lifting more than 10 pounds, occasionally lifting more than 20 pounds, and repetitive postural tasks, handling, and forceful gripping (20 CFR § 416.945).

5. The claimant does not have the ability to perform her past relevant work.

6. The claimant's residual functional capacity for the full range of light work is reduced by her postural and hand use limitations.

7. The claimant is 40 years old, which is defined as a younger-age individual (20 CFR § 416.963).

8. The claimant possesses a high school education (20 CFR § 416.964).

9. The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work activities of other work (20 CFR § 416.968).

10. Based on an exertional capacity for less than a full range of light work, and the claimant's age, education, and work experience, section 416.969 of Regulations No. 16 and Rule 202.20, Table No. 2, Appendix 2, Subpart P, Regulations NO. 4, would direct a conclusion of "not disabled".

---

disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
      The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

      11.      The claimant's capacity for light work has not been significantly compromised by her postural and hand use limitations. Accordingly, using the above-cited rule as a framework for decisionmaking, the claimant is not disabled.

      12.      The claimant was not under a "disability, as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920[f]).

(Tr. at 13-14.)

ISSUES PRESENTED

Plaintiff has raised the following issues: A. Whether the ALJ Improperly Rejected Plaintiff's Pain Testimony; B. Whether the ALJ Failed to Consider the Findings of Plaintiff's Treating Psychologist That Plaintiff Suffered From a Severe Mental Illness; and C. Whether the ALJ Failed to Consider the Combination of All of Plaintiff's Impairments.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

\\\\\

ANALYSIS

    A. <u>Plaintiff's Mental Impairment</u>

Plaintiff alleges that the ALJ should have considered the evidence of a mental impairment as set forth in the records of her treating practitioners, Dr. Yassa, a neurologist, and psychologist Dr. Curiale.

The ALJ's decision in this case does not mention a mental impairment until the enumerated findings where the ALJ stated that plaintiff does not have a severe mental impairment. (Tr. at 13.) Unfortunately, the ALJ did not fully explain his finding. The court is not confident it has discerned properly what evidence the ALJ relied upon to make this conclusion because he does not explicitly explain the factors which led him to that conclusion.

The Commissioner may be correct in arguing that the ALJ is not required to discuss every piece of evidence, but the record does need to demonstrate that he considered all of the evidence, and in this case it does not. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (finding ALJ's summary conclusion that appellant's impairments did not meet or equal any Listed Impairment was a bare conclusion beyond meaningful judicial review). The hearing transcript indicates that the ALJ did not question plaintiff about any mental impairment, despite this ailment having been raised in her disability application. Plaintiff raised it herself when the ALJ asked her what medications she was taking and what doctors she was seeing. She responded that she was taking medicine for anxiety, among other things. (Tr. at 25.) The ALJ asked no follow up questions, even after plaintiff's attorney then delved into this area, prompting plaintiff's testimony that she sees Dr. Curiale for depression. (Tr. at 28.) Plaintiff also testified that she was taking Zoloft[2] as prescribed by Dr. Yassa, seeing Dr. Curiale once a week for depression, from which she has been suffering for a few years, and that the Zoloft does not help

\\\\\

---

    [2] Zoloft is prescribed for depression, among other mental ailments. Physicians' Desk Reference 2443 (53rd ed. 1999).

5

her depression. (Tr. at 29, 30, 33.) After this testimony came out, the ALJ had a duty to further develop the record.

Adding to the difficulty of this case is the sparse medical evidence of plaintiff's mental impairment. The current record only contains treatment notes from Dr. Curiale for the period from May 19, 2003 to June 22, 2003. Dr. Curiale's verification of need for reasonable accommodation states that she had been treating plaintiff three months as of June 19, 2003, yet the records for the entire period of treatment have not been included. (Tr. at 294.) Although this psychologist did diagnose post traumatic stress disorder and major depression, recurring on May 19, 2003, there is simply not enough in the record from which to determine the extent of this impairment or whether it was alleviated by medication. (Id. at 293.) Plaintiff testified that she had been seeing Dr. Yassa every two to four weeks for about a year, yet the records submitted which do cover the period from May 24, 2002, to March 11, 2003, despite reflecting prescriptions for Zoloft, do not reflect any mental diagnosis. (Tr. at 29.)

Regardless of whether the ALJ considered the mental health evidence, the ALJ found plaintiff's mental condition was not "severe" without explanation or a fully developed record. At the second step of the disability analysis, an impairment is "not severe" only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996). Although the ALJ did not spell out the reasons for his conclusion that plaintiff had no severe impairment, implicit in the decision is that the ALJ considered the records of Drs. Yassa and Curiale. Assuming the ALJ was entitled to rely on these records, the question then, is

\\\\\

whether plaintiff's testimony that medication was not working should have prompted the ALJ to further develop the record.

Disability hearings are not adversarial. Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987) (holding that ALJ has basic duty to "inform himself about facts relevant to his decision") (quoting Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring)). The ALJ must fully and fairly develop the record, even when claimant is represented by counsel. Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996). The duty also is heightened in the case of a mentally ill claimant who may not be able to protect him or herself. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.2001).

Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition which could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir.1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan, 242 F.3d at 1150 (quoting Smolen, 80 F.3d at 1288.). Certainly plaintiff's diagnosis of major depression and post traumatic stress disorder by a psychologist with prescriptions for depression medication by a physician constitutes objective evidence of a condition which could have a material impact on the disability decision. "Severe depression is not the blues. It is a mental illness; and health professionals, in particular psychiatrists, not lawyers or judges, are the experts on it." Wilder v. Chater, 64 F.3d 335, 337 (7th Cir. 1995). While the court is not prepared to say that plaintiff is disabled from depression, it can say here that the ALJ's conclusion that plaintiff did not have a severe mental impairment is not supported by substantial evidence. The ALJ did not give reasons for his severity determination, and he failed to inquire further after plaintiff testified about her depression and that medication was not helping it. At best, the record is ambiguous, and the ALJ failed in his duty to develop it. See also Smolen, 80 F.3d at 1288 (duty to "conduct appropriate inquiry" if ALJ needs to know basis


for treating physician opinion); 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) (ALJ may acquire additional information from treating physicians if record inadequate to make a determination); 20 C.F.R. §§ 404.944, 416.944 (ALJ may continue hearing if material evidence is missing, or reopen hearing to receive new and material evidence at any time prior to mailing a notice of decision); 20 C.F.R. §§ 404.950(d), 416.1450(d) (ALJ may issue subpoenas on own initiative or at party's request); Social Security Ruling ("SSR") 96- 5p, 1996 WL 374183, *6 ("Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion."); SSR 96-2p ("[A]dditional development required by a case—for example, to obtain more evidence or to clarify reported clinical signs or laboratory findings—may provide the requisite support for a treating source's medical opinion that at first appeared to be lacking or may reconcile what at first appeared to be an inconsistency between a treating source's medical opinion and the other substantial evidence in the case record.").

At a minimum, the ALJ needed to inquire of an acceptable mental health source to clarify whether plaintiff's depression was in fact severe. Possibly further records from Dr. Yassa or psychologist Curiale would have assisted in the analysis. Seeking clarification from these treating sources may have shed light on the question of the level of severity of plaintiff's depression.

The ALJ will then be tasked with answering the difficult questions posed in the introduction. Does medication plaintiff is taking have its desired effect which would indicate that the depression disease process has been sealed off so to speak, i.e., it significantly affects nothing in the way of work? Or, on the other hand, are the medications simply a temporary stop-gap, the salutary effects of which wear off routinely such that plaintiff could not possibly be employable? Has the depression lasted more than 12 months or will it be expected to do so in

light of other potential treatment modalities?  Does a residual, untreatable part of the depression remain such that it affects plaintiff's other impairments?

Perhaps an expert who performs an overall review of the records is appropriate here.  While the court is not naive enough to believe that money is no object in analyzing disability claims, the specter of lifetime benefits behooves more than an assembly line analysis, and in the long run is less costly.  Finally, a professional should opine on the availability of treatment which might control plaintiff's condition to the point where it does not qualify as a severe impairment.

If plaintiff did suffer from a long-term problem, the question then would be what, if any, functional limitations, especially in concentration, persistence and pace existed or could be expected to manifest themselves in light of plaintiff's response to treatment.[3]

Because the court has concluded that the matter must be remanded for proper development of plaintiff's mental condition, the court need not consider plaintiff's other assignments of error.

B. Further Proceedings are Required

If additional administrative proceedings would remedy the defects in the decision, remand is appropriate.  Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); Barbato v. Commissioner of Social Security Admin., 923 F. Supp. 1273, 1277-78 (C.D.Cal. 1996).  This case should be remanded for further administrative proceedings consistent with this order, to avoid the possibility of an inequitable result.

\\\\\

\\\\\

---

[3] Restricted ability to concentrate, persist, and maintain pace may have an impact on the disability analysis.  See Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996) (holding ALJ erred when he did not include deficiencies in concentration in hypothetical to VE) (cited with approval in Thomas, 278 F.3d at 956).  Newton held specifically that a hypothetical limiting work to simple jobs did not incorporate a claimant's impaired concentration.  Id.

9

CONCLUSION

The court finds the ALJ's assessment is not fully supported by substantial evidence in the record or based on the proper legal standards. Accordingly, plaintiff's Motion for Summary Judgment or Remand is GRANTED, the Commissioner's Cross Motion for Summary Judgment is DENIED, and the Clerk is directed to enter Judgment for the plaintiff. This matter is remanded to the Commissioner for further proceedings consistent with this order.

DATED: 6/17/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076
Williams1353.ss.wpd